**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 6:22-CR-00061-ADA** |
| | § | |
| **TRE QUAN SHAVAE LOCKE** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:     THE HONORABLE ALAN D ALBRIGHT,
        UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. **§** 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the Defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

### I.  PROCEDURAL BACKGROUND

Defendant Locke was convicted of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. 922(g)(1) and 924(a)(2). On January 25, 2023, United States District Judge Alan Albright sentenced Defendant Locke to thirty (30) months incarceration followed by a three (3) year term of supervised release, pay a $100.00 special assessment, pay a $500 fine; adhere to search, submit to substance abuse treatment and testing.

On January 8, 2026, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the Defendant violated the terms of his supervision in the following ways:

**Violation Number 1:** The Defendant violated Mandatory Condition Number 7, if the judgement imposes a fine or restitution, it is a condition of supervision that the Defendant pays in accordance with the schedule of payments sheet of the judgement.

**Violation Number 2:** The Defendant violated one of his special conditions, the Defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program

**Violation Number 3:** The Defendant violated mandatory condition number 3, the Defendant shall refrain from any unlawful use of a controlled substance.

**Violation Number 4:** The Defendant violated standard condition number 9, if the Defendant is arrested or questioned by a law enforcement officer, the Defendant shall notify the probation officer within 72 hours.

**Violation Number 5:** The Defendant violated Standard Condition Number 7, the Defendant shall work full time (at least 30 hours per week) at a lawful type of employment unless the probation officer excuses the Defendant from doing so. If the Defendant does not have full time employment, he or she shall try to find full time employment unless the probation officer excuses the Defendant from doing so. If the Defendant plans to change where the Defendant works or anything about his or her work (such as position or job responsibilities), the Defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the Defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Violation Number 6:** The Defendant violated Standard Condition Number 2, the Defendant shall report as directed by the probation officer.

**Violation Number 7:** The Defendant violated Standard Condition Number 2 page 5 of the judgement, the Defendant shall not communicate or interact with someone the Defendant knows is engaged in criminal activity without getting permission from the probation officer.

**Violation Number 8:**  The Defendant violated Standard Condition Number 5, the Defendant shall live at a place approved by the probation officer. If the Defendant plans to change where he or she lives or anything about his living arrangements, the Defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the Defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

On February 3, 2026, the Court held a hearing on the petition. At the hearing, the Defendant pled true to violations 1 through 8. The petition contained a sufficient factual basis to support pleas of true.

## II.  FINDINGS OF THE COURT

Based on the sworn statements of the Defendant and other testimony at the hearing, the undersigned finds as follows:

1. The Defendant violated the conditions of his supervision as alleged in the petition.

2. The Defendant was competent to make the decision to enter a plea of true.

3. The Defendant had both a factual and rational understanding of the proceedings against him.

4. The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. The Defendant was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. The Defendant was sane and mentally competent to stand trial for these proceedings.

7. The Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The Defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The Defendant understood the petition and the charges alleged against him.

10.    The Defendant had a sufficient opportunity to discuss the petition and charges with his attorney.

11.    The Defendant was satisfied with the job his attorney has done and had no complaints about his attorney.

12.    The Defendant understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13.    The Defendant freely, intelligently, and voluntarily entered his plea of true.

14.    The Defendant understood his statutory and constitutional rights and desired to waive them.

15.    The petition contains a sufficient factual basis to support the Defendant's pleas of true.

## III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** the revocation of supervised release and that a sentence of commitment to the Bureau of Prisons for a period of TIME SERVED with a THREE (3) YEAR term of supervised release to follow. Credit for time since date of arrest. Original terms and conditions of supervised release revocation are re-imposed with the following additions:

- The Defendant shall not communicate, or otherwise interact, with any known member or associate of the "GMB" Get Money Boyz or "KWA" Killaz wit Aggression gang, without first obtaining the permission of the probation officer.

- The Defendant shall participate in the Location Monitoring Program with GPS Monitoring for a period of 90 days. The Defendant shall abide by the rules and regulations of the Participant Agreement Form. During this time, the Defendant shall remain at the place of residence except for employment and other activities

approved in advance by the probation officer. The Defendant shall maintain a telephone at the place of residence without "caller ID," "call forwarding," "call waiting," "call back/call block," a modem or a portable cordless telephone for the above period as instructed by the probation officer. The Defendant shall wear an electronic monitoring device and follow location monitoring procedures specified by the probation officer. The Defendant shall pay for the costs of the program if financially able.

- The Defendant shall participate in the Location Monitoring Program for a term of 90 days. The defendant will be placed on curfew and shall remain at the place of residence from 10:00 PM until 7:00 AM.

The Magistrate Judge further recommends that the following condition be modified from: "The Defendant shall pay the remaining balance of the court ordered fees at the rate of no less than $16.00 per month, due by the third day of each month beginning September 3, 2024. The Court imposed payment schedule shall not prevent statutorily authorized collection efforts by the United States Attorney and the United States Probation Office to make payment in full as soon as possible." to the following: "The Defendant shall pay the remaining balance of the court ordered fees at the rate of no less than $30.00 per month, due by the third day of each month beginning March 3, 2026. The Court imposed payment schedule shall not prevent statutorily authorized collection efforts by the United States Attorney and the United States Probation Office to make payment in full as soon as possible."

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 3rd day of February, 2026.

Dan N. MacLemore
United State Magistrate Judge