UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

UNITED STATES OF AMERICA        §
                                §
vs.                             §        NO:  WA:22-CR-00061(1)-ADA
                                §
(1) TRE QUAN SHAVAE LOCKE        §

### ORDER ACCEPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the court is the above styled and numbered cause.  On  January 8, 2026 the United States Probation Office filed a Petition For Warrant or Summons For Offender Under Supervision for Defendant (1) TRE QUAN SHAVAE LOCKE, which alleged that Locke violated a condition of his supervised release and recommended that Locke 's supervised release be revoked (Clerk's  Document No. 47).  A warrant issued and Locke was arrested.  On January 14, 2026, Locke appeared before a United States Magistrate Judge, was ordered detained, and a revocation of supervised release hearing was set.

Locke appeared before the magistrate judge on February 3, 2026, waived his right to a preliminary hearing and to be present before the United States District Judge at the time of modification of sentence, and consented to allocution before the magistrate judge. Following the hearing, the magistrate judge signed his report and recommendation on February 4, 2026, which provides that having carefully considered all of the arguments and evidence presented by the Government and Defendant, based on the original offense

and the intervening conduct of Locke, the magistrate judge recommends that this court

revoke Locke supervised release and that Locke be sentenced to imprisonment for TIME

SERVED, with a term of THREE (3) YEARS of supervised release to follow the term of

imprisonment.

Original terms and conditions of supervised release revocation are re-imposed with the

following additions:

• The Defendant shall not communicate, or otherwise interact, with any known

member or associate of the "GMB" Get Money Boyz or "KWA" Killaz wit

Aggression gang, without first obtaining the permission of the probation officer.

• The Defendant shall participate in the Location Monitoring Program with GPS

Monitoring for a period of 90 days. The Defendant shall abide by the rules and

regulations of the Participant Agreement Form. During this time, the Defendant

shall remain at the place of residence except for employment and other activities

approved in advance by the probation officer. The Defendant shall maintain a

telephone at the place of residence without "caller ID," "call forwarding," "call

waiting," "call back/call block," a modem or a portable cordless telephone for the

above period as instructed by the probation officer. The Defendant shall wear an

electronic monitoring device and follow location monitoring procedures specified

by the probation officer. The Defendant shall pay for the costs of the program if

financially able.

• The Defendant shall participate in the Location Monitoring Program for a term of 90 days. The defendant will be placed on curfew and shall remain at the place of residence from 10:00 PM until 7:00 AM.

The Magistrate Judge further recommends that the following condition be modified from: "The Defendant shall pay the remaining balance of the court ordered fees at the rate of no less than $16.00 per month, due by the third day of each month beginning September 3, 2024. The Court imposed payment schedule shall not prevent statutorily authorized collection efforts by the United States Attorney and the United States Probation Office to make payment in full as soon as possible." to the following: "The Defendant shall pay the remaining balance of the court ordered fees at the rate of no less than $30.00 per month, due by the third day of each month beginning March 3, 2026. The Court imposed payment schedule shall not prevent statutorily authorized collection efforts by the United States Attorney and the United States Probation Office to make payment in full as soon as possible" (Clerk's Document No. 61).

A party may serve and file specific, written objections to the proposed findings and recommendations of a magistrate judge within fourteen days after being served with a copy of the report and recommendation, and thereby secure a *de novo* review by the district court. *See* 28 U.S.C.§ 636(b); Fed. R. Civ. P. 72(b). A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation in a report and recommendation bars that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Auto Ass 'n,* 79 F.3d1415 (5th Cir. 1996) *(en bane).* The parties in this cause were properly notified of the consequences of a failure to file objections.

On February 3, 2026, following the hearing on the motion to revoke supervised release, all parties signed a Waiver Of Fourteen Day Rule For Filing Objections To Report and Recommendation OfUnited States Magistrate Judge (Clerk's Document No. 60). The court, having reviewed the entire record and finding no plain error, accepts and adopts the report and recommendation filed in this cause.

**IT IS THEREFORE ORDERED** that the Report and Recommendation of the United States Magistrate Judge filed in this cause (Clerk's Document No. 61 ) is hereby ACCEPTED AND ADOPTED by this court.

**IT IS FURTHER ORDERED** that Defendant (1) TRE QUAN SHAVAE LOCKE 's term of supervised release is hereby REVOKED.

**IT IS FURTHER ORDERED** that Defendant (1) TRE QUAN SHAVAE LOCKE be imprisoned for TIME SERVED, with a term of supervised release of THREE (3) YEARS to follow the term of imprisonment.   Original terms and conditions of supervised release revocation are re-imposed with the following additions:

• The Defendant shall not communicate, or otherwise interact, with any known member or associate of the "GMB" Get Money Boyz or "KWA" Killaz wit

Aggression gang, without first obtaining the permission of the probation officer.

• The Defendant shall participate in the Location Monitoring Program with GPS Monitoring for a period of 90 days. The Defendant shall abide by the rules and regulations of the Participant Agreement Form. During this time, the Defendant shall remain at the place of residence except for employment and other activities approved in advance by the probation officer. The Defendant shall maintain a telephone at the place of residence without "caller ID," "call forwarding," "call waiting," "call back/call block," a modem or a portable cordless telephone for the above period as instructed by the probation officer. The Defendant shall wear an electronic monitoring device and follow location monitoring procedures specified by the probation officer. The Defendant shall pay for the costs of the program if financially able.

• The Defendant shall participate in the Location Monitoring Program for a term of 90 days. The defendant will be placed on curfew and shall remain at the place of residence from 10:00 PM until 7:00 AM.

**IT IS FURTHER ORDERED** that the following condition be modified from: "The Defendant shall pay the remaining balance of the court ordered fees at the rate of no less than $16.00 per month, due by the third day of each month beginning September 3, 2024. The Court imposed payment schedule shall not prevent statutorily authorized collection efforts by the United States Attorney and the United States Probation Office to

make payment in full as soon as possible." to the following: "The Defendant shall pay the

remaining balance of the court ordered fees at the rate of no less than $30.00 per month,

due by the third day of each month beginning March 3, 2026. The Court imposed

payment schedule shall not prevent statutorily authorized collection efforts by the United

States Attorney and the United States Probation Office to make

payment in full as soon as possible" (Clerk's Document No. 61).

Signed this 5th day of February, 2026.

_____

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE