**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 6:22-CR-00061-ADA** |
| | § | |
| **TRE QUAN LOCKE** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE,

The undersigned submits this Report and Recommendation to the District Judge pursuant to United States Code Title 28, Section 636(b)(1)(c), United States Code Title 18, Section 3401(i), the Court's standing Magistrate Referral Order, and Rules 1(h) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of Locke's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

**I. PROCEDURAL BACKGROUND**

Tre Quan Locke was originally charged in a 1-count indictment filed on April 12, 2022. Locke began his 3-year term of supervised release on August 5, 2024, in the Waco Division.

A probation 12C violation worksheet was filed with the Court on January 7, 2026, alleging the Locke had violated the terms and conditions of his supervised release by consuming marijuana, failing to pay his court ordered fees, failing to complete a Criminogenic Needs and Violence Curriculum class as directed, failing to report law enforcement contact, failing to work

at an approved place of employment for 30 or more hours per week, failing to update his employment as directed, failing to report as directed, failing to report accurate residence, and failing to abstain from contact with those involved in criminal behavior. On February 5, 2026, Locke's term of supervised release was revoked, and he was sentenced to time served with a term of three years supervised release to follow, including GPS monitoring with curfew for 90 days. On February 11, 2026, a GPS monitor was placed on Locke.

On February 28, 2026 and March 1, 2026, Locke traveled to Dallas, Texas, located in the Northern District of Texas, without permission. Furthermore, Locke provided a work schedule for Thursday through Sunday nights, weekly, from 6:30 PM to 4:30 AM beginning on March 12, 2026. Locke's curfew was adjusted for employment purposes. On March 27, 2026, USPO T. Davis and C. Perez attempted to meet with Locke at his home address. Locke was contacted by phone, and he stated that he was eating lunch at a restaurant and would be home shortly. Upon checking Locke's GPS monitor status, the USPOs determined that he was at a game room in Killeen, Texas. Additional GPS monitor investigation determined that Locke had only been to work from March 12, 2026, through March 16, 2026. During his curfew hours in which leave had been approved for his work schedule, the USPOs found that Locke had been visiting other locations, including clubs and bars. Locke claimed that he was still employed and working overnights on Thursdays through Mondays. He did admit to going to the club for a few hours during curfew, but only when he got off early.

A 12C violation worksheet was filed with the court on April 2, 2026, and a warrant was subsequently issued for Locke's arrest. On April 3, 2026, USPO Davis received an alert at approximately 12:36 AM advising that Locke was not at home. Contact was made with Locke

who stated that he was at home and had been since 10:00 PM. Upon pressing, Locke admitted that his girlfriend had run out of gas and he had left to help her and then returned home. Per the GPS tracking points, the USPO found that Locke was actually at a bar, not across the street at the park where he claimed his girlfriend had been. GPS points were observed inside the bar and in the front and back parking lot of the facility.

On April 7, 2026, the US Marshalls arrived at Lockes residence to serve the warrant for his arrest. After several attempts to call out were made with no response, the Lone Star Fugitive Task Force (LSFTF) helicopter and rear perimeter team observed three males exit the residence through the back yard and attempt to flee from law enforcement. As officers entered the backyard, a black handgun was located between the back fence and a shed at the back of the yard. All three of the individuals were stopped and detained for officer safety and identification. Officers were unable to determine who had possession of the handgun prior to discarding it.

On April 2, 2026,, the United States Probation Office filed an Amended Petition for Warrant or Summons for Offender Under Supervision, alleging that Locke violated the terms of his supervision in the following ways:

> **Violation Number 1:** Locke violated Mandatory Condition Number 7, in that, Locke shall answer truthfully the questions asked by the probation officer. On March 27, 2026, Locke was not truthful in reporting his location, employment schedule or employment location.

> **Violation Number 2:** Locke violated a special condition, to wit, he shall participate in the Location Monitoring Program for a term of 90 days. Locke was placed on a curfew and was to remain at his place of residence from 10:00 PM until 7:00 AM unless permission was given for employment purposes. Locke was not home or at his approved worksite during the curfew hours of 10:00 PM through 7:00 AM on the following evenings: March 14/15, 2026, March 19/20, 2026, March 20/21, 2026, March 21/22, 2026, and March 26/27, 2026. Locke admitted being at a club/bar without permission.

**Violation Number 3:** Locke violated Standard Condition Number 7, Locke shall work full time (at least 30 hours per week) at a lawful type of employment unless the probation officer excuses Locke from doing so. If Locke does not have full time employment, he shall try to find full time employment unless the probation officer excuses Locke from doing so. If Locke plans to change where he works or anything about his or her work (such as position or job responsibilities), Locke shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, Locke shall notify the probation officer within 72 hours of becoming aware of a change or expected change. Locke failed to update his employment status within 72 hours when he changed jobs on or about March 17, 2026. Additionally, Locke continued to report the same work location and schedule despite no longer being employed there.

**Violation Number 4:** Locke violated Standard Condition Number 3, he shall not knowingly leave the federal judicial district where he is authorized to reside without first getting the permission of the probation officer. Locke failed to remain within the Western District of Texas on February 28, 2026, and March 1, 2026, by traveling to the Northern District of Texas.

On April 21, 2026, the Court held a hearing on the petition. At the hearing, Locke pled **NO CONTEST**. The petition contained a sufficient factual basis to support a plea of **NO CONTEST**.

## II. FINDINGS OF THE COURT

Based on Locke's sworn statements and other testimony at the hearing, the undersigned finds as follows:

1.  Locke violated the conditions of his supervision as alleged in the petition.

2.  Locke was competent to make the decision to enter a plea of **NO CONTEST**.

3.  Locke had both a factual and rational understanding of the proceedings against him.

4.  Locke did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. Locke was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. Locke was sane and mentally competent to stand trial for these proceedings.

7. Locke was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. Locke received a copy of the petition naming him, and he either read it or had it read to him.

9. Locke understood the petition and the charges alleged against him.

10. Locke had a sufficient opportunity to discuss the petition and charges with his attorney.

11. Locke was satisfied with the job his attorney has done and had no complaints about his attorney.

12. Locke understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13. Locke freely, intelligently, and voluntarily entered his plea of **NO CONTEST**.

14. Locke understood his statutory and constitutional rights and desired to waive them.

15. The petition contains a sufficient factual basis to support Locke's pleas of **NO CONTEST**.

### III. RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that Locke's supervised release be **REVOKED** and that he be sentenced to the following:

(1) An 11-month term of imprisonment, including credit for any time already served since his arrest; and

(2) No period of supervised release to follow.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 27th day of April, 2026.

DAN N. MACLEMORE
UNITED STATES MAGISTRATE JUDGE

Page 6 of 6